UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA CALHOUN,

    Plaintiff,

v.                                              Case No: 8:14-cv-1020-T-27MAP

CERTEGY CHECK SERVICES, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Certegy Check Services, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. 7), and Plaintiff Amanda Calhoun's response (Dkt. 9). Upon consideration, the motion is GRANTED in part and DENIED in part.

**I.    BACKGROUND**

Plaintiff brought this action alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, stemming from a disputed debt with the original creditor, Go Daddy, in the amount of $4.00 (Dkt. 4). Plaintiff allegedly incurred this obligation for hosting fees for a personal website. *Id.* at ¶¶ 11-12. In October of 2010, Go Daddy transferred, sold or assigned the debt to Defendant. *Id.* at ¶ 13.

On January of 2011, Defendant reported the debt to the consumer credit reporting agency ("CRA") Equifax as an unpaid charge off listing the original amount and balance amount as $4.00, but the past due amount as $29.00, and the type of account as "RETURNED CHECK." *Id.* at ¶ 14.

1

Plaintiff alleges she never made a payment to Go Daddy by check, and asserts that "all purchases from Go Daddy were made by credit or debit card." *Id.* at ¶¶ 16, 31.

On June 9, 2012, Plaintiff reviewed her Equifax consumer credit report and became aware of Defendant's Tradeline. *Id.* at ¶ 17. Plaintiff alleges that she has "no memory or record of any debt of the nature alleged in the Tradeline, and does not believe she rightfully owes such amount." *Id.* at ¶ 18. Plaintiff disputed the accuracy of Defendant's report to Equifax, which in turn asked Defendant to investigate the dispute by sending it an Automated Consumer Dispute Verification ("ACDV"). *Id.* at ¶¶ 18-19. In the ACDV, Equifax requested that Defendant respond pursuant to the requirements of the FCRA. *Id.* at ¶ 19. On June 20, 2012, Defendant responded to the ACDV, confirming all of the information previously reported, but did not report the alleged debt as "disputed." *Id.* at ¶ 20.

On September 22, 2013, Plaintiff again disputed the debt's accuracy to Equifax, stating that she had not written any checks to Go Daddy and that the amount claimed was false. *Id.* at ¶ 21. Equifax sent Defendant another ACDV, which responded on October 3, 2013, confirming all of the information as previously reported. *Id.* at ¶¶ 22-23. Again, Defendant did not list the alleged debt as "disputed." *Id.* at ¶ 23. Plaintiff disputed the debt a third time on October 29, 2013. *Id.* at ¶ 24. After receiving the third ACDV from Equifax, Defendant responded on November 1, 2013 confirming that the information was accurate, but in need of updating as to the original charge off amount. *Id.* at ¶¶ 25-26. Defendant listed the original amount and current balance as $29.00, instead of $4.00. *Id.* at ¶ 26. +Defendant did not list the alleged debt as "disputed." *Id.*

On January 27, 2014, Plaintiff disputed the alleged debt a fourth time to Equifax, noting the different charge off amounts provided by Defendant. *Id.* at ¶ 28. Defendant responded on January 29, 2014 to the fourth ACDV that the reported information was accurate, and did not list the alleged

2

debt as "disputed." *Id.* at ¶ 29. Plaintiff surmises that the $29.00 balance reported by Defendant "represents the $4 original balance plus a $25 returned check charge" pursuant to Fla. Stat. § 68.065(2). *Id.* at ¶ 30.

Defendant moves to dismiss the Amended Complaint, arguing that it fails to state a cause of action. Defendant denies violating the FCRA, and argues that FCRA does not provide equitable relief as a remedy. Defendant also denies that it is a debt collector or participated in debt collection activity under the FDCPA. Defendant further contends that the FDCPA claim is time-barred. Lastly, Defendant argues the FCCPA is preempted by the FCRA.

## II.   STANDARD

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

All of the factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

And all reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. DISCUSSION

### A. FCRA

Defendant argues that Plaintiff fails to allege a violation of the FCRA because the complaint alleges that it timely answered the four ACVD's sent by Equifax. The crux of Plaintiff's allegations, however, are that Defendant failed to make a reasonable investigation under § 1681s-2(b) of the FCRA. Plaintiff maintains that her allegations do not relate to § 1681s-2(a) as Defendant argues.

Under § 1681s-2(b), "a furnisher of credit must undertake an investigation and take other actions after the furnisher has been notified of inaccuracies in a consumer's credit report" by the CRA. *Nawab*, 553 Fed App'x at 860-61. Specifically, a furnisher of credit information who receives a dispute from the CRA is required to:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> > (i) modify that item of information;
> > (ii) delete that item of information; or
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

Plaintiff alleges that she disputed the debt to a CRA, who in turn, notified Defendant and requested that it undertake an investigation pursuant to the FCRA (Dkt. 4 ¶¶ 18-19, 21-22, 24-25, 28). Plaintiff alleges that while Defendant responded to the CRA and reported back the results of its investigations on the four occasions that she disputed the debt (*Id.* at ¶¶ 20, 23, 26, 29), Defendant did not conduct a reasonable investigation and the results of Defendant's investigations were inconsistent (*Id.* at ¶¶ 27, 36-38). Plaintiff expressly alleges that the investigation was unreasonable because Defendant failed to uncover that the alleged debt did not stem from a returned check.(*Id.* at ¶ 36.a). Plaintiff also notes that Defendant's reports to the CRA were misleading, inaccurate and/or incomplete because they failed to list the alleged debt as disputed. (*Id.* at ¶ 36.b).

Taking her allegations as true, Plaintiff has plead a cause of action under § 1681s-2(b) of the FCRA based on an unreasonable investigation, that the debt did not arise from a returned check as reported by Defendant, and that Defendant did not report the debt as "disputed." *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010) ("reasonableness of the investigation is to be determined by an objective standard" with plaintiff carrying the burden). *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 146-48 (4th Cir. 2008) (furnisher may be held liable under § 1681s-2(b) for failure to report information as disputed when the omission is "misleading in such a way and to such an extent" where it could be expected to have an adverse effect such as resulting "in a much lower credit score" for the consumer); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162-64 (9th Cir. 2009) (same following *Saunders*). Defendant's motion to dismiss the FCRA claim is accordingly denied.

B.   **FDCPA**

Defendant contends that Plaintiff failed to adequately plead that it is a debt collector or engaged in collection activity for purposes of the FDCPA. Defendant argues that it is a check

authorization and check cashing service, not a debt collector, and asks that judicial notice be taken that it is licensed by the Florida Office of Financial Regulation as a money transmitter, defined as a person who sends funds, either by wire, facsimile, electronic transfer, carrier, or other means (Dkt. 7-2). Plaintiff counters that Defendant reported the alleged debt to Equifax, thereby attempting to collect a debt originally due to another party, Go Daddy. Plaintiff argues that Defendant reporting a debt that was assigned to it after it was in default constitutes collecting activity for purposes of the FDCPA. Plaintiff concedes, however, that the complaint is inaccurate in alleging that Defendant is licensed to collect debt in Florida (Dkt. 4 ¶ 9 & Dkt. 9 at 8). Nevertheless, Plaintiff argues that Defendant's lack of registration as a consumer collection agency in Florida is not dispositive of whether Defendant is a debt collector. Plaintiff contends that as a check guarantee company, Defendant reports a bad check to a CRA as its primary collection method.

To allege a FDCPA claim, Plaintiff must plead that: (1) she was the object of collection activity arising from consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant has engaged in an act or omission prohibited by the FDCPA. *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). The statute does not define "collection activity." While discussing the FDCPA, the Supreme Court has defined debt collection as "to obtain payment or liquidation of [debt], either by personal solicitation or legal proceedings." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010) (quoting *Heintz*). The term "debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the collection of any debts, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added).

Plaintiff does not allege that Defendant attempted to obtain payment or liquidation of a debt by personal solicitation or legal proceeding. Plaintiff alleges only that Defendant reported the debt to a CRA. Even if this constituted an indirect collection activity as Plaintiff alleges, it is insufficient to meet the requirement that Defendant be a debt collector regularly engaging in debt collection activity as required by the FDCPA. Accordingly, Plaintiff's FDCPA claim is dismissed without prejudice.[1]

### C.   FCCPA

Defendant contends that the FCCPA is preempted by the FCRA because Plaintiff's allegations relate to its activities as a furnisher of information which fall exclusively under the FCRA. Plaintiff concedes that some allegations are preempted by the FCRA, such as failing to report the debt as "disputed." But she argues that Defendant's attempt to enforce a $29.00 debt, as opposed to the original $4.00 debt, violated Fla. Stat. § 559.72(9) and does not relate to its actions as a furnisher of information to a CRA. A preemption analysis is of no consequence, however.

Fla. Stat. § 559.72(9) states that "[i]n collecting consumer debts, no person shall [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." The FCCPA defines debt collector as:

> any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the *principal purpose* of which is the collection of debts, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

---

[1] Defendant also argued that the claim is time barred. That argument is not persuasive because Plaintiff alleged discrete violations within the limitations period, notwithstanding that the original debt was incurred more than a year before filing this suit. *See McCorriston*, 536 F. Supp. 2d at 1272 (FDCPA claim was not time-barred because Plaintiff alleged a discrete violation within the limitations period).

Fla. Stat. § 559.55(6) (emphasis added). For the same reasons that Plaintiff fails to allege sufficient facts demonstrating that Defendant is a debt collector under the FDCPA, she likewise fails to do so as to the FCCPA.

Accordingly,

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. 7) is **GRANTED in part and DENIED in part**.

2. Plaintiff's FDCPA and FCCPA causes of action (Counts II and III, Dkt. 4 at 8-10) are **DISMISSED** *without prejudice*.

3. Plaintiff is granted **fourteen (14) days** to amend.

**DONE AND ORDERED** this 19th day of August, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

8